UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GP
04 JAN 26 PM 3:38
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT MICH
BY:____

| | |
|---|---|
| Brian Hobbs, | ) |
| Plaintiff, | ) 1:04 CV 0048 |
| v. | ) Hon. Gordon J. Quist |
| Maple Island Estates, Inc., a Michigan corporation, d/b/a Mid-Michigan Homes and d/b/a Mid-Michigan Housing, | ) U.S. District Judge |
| Defendants. | ) |

**Complaint**

**I.    Introduction**

1.   Plaintiff Brian Hobbs completed a credit application for defendant Maple Island Estates, Inc. in an effort to purchase a manufactured home by retail installment sales contract. Plaintiff gave defendant a security deposit, fully refundable if defendant was unable to secure financing for plaintiff.  Defendant failed to secure financing for plaintiff.  Defendant failed to provide plaintiff with any written notice of adverse action.  Defendant has refused to refund plaintiff's security deposit.

2.   Defendant has violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; and the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.*

**II.    Jurisdiction**

3.   This Court has jurisdiction under 15 U.S.C. § 1691e(f) (ECOA), and 15 U.S.C. § 1691p (FCRA).  This Court has supplemental jurisdiction regarding plaintiff's state law claims

under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper because the pertinent events took place here.

### III. Parties

4. Plaintiff Brian Hobbs is an individual who resides in Kent County, Michigan.

5. Defendant Maple Island Estates, Inc. is a Michigan corporation doing business as Mid-Michigan Homes and as Mid-Michigan Housing. Defendant does business at 15704 48th Avenue, Coopersville, Michigan 49404. Defendant regularly sells manufactured homes on credit *via* retail installment sales contracts. Defendant is licensed by the State of Michigan as a mortgage broker, License No. FL 2285. Defendant regularly extends credit, arranges for the extension of credit, or participates in the decision of whether or not to extend credit. Defendant's registered agent is Gregory T. Asquith, 15704 48th Avenue, Coopersville, Michigan 49404.

### IV. Facts

6. On October 18, 2003, plaintiff went to defendant's place of business, intending to purchase a manufactured, residential home on credit. Defendant had plaintiff complete a credit application, which authorized defendant to obtain plaintiff's consumer report, commonly known as a "credit report." That same day, defendant obtained a copy of plaintiff's consumer report.

7. On or about October 25, 2003, plaintiff and defendant entered into an agreement whereby plaintiff agreed to purchase a manufactured home from defendant by retail installment sales contract. The sale was conditioned upon plaintiff's ability to qualify for credit.

8. Under the terms of the contemplated retail installment sales contract, defendant was identified as the original lender. The retail installment sales contract also contained a

provision whereby defendant had the option to sell and assign the retail installment sales contract to a third-party.

9. On November 15, 2003, plaintiff gave defendant a security deposit in the amount of $100.00. The parties agreed that defendant would refund the full security deposit if plaintiff's application for credit was denied.

10. On or before December 1, 2003, defendant communicated to plaintiff that plaintiff's application for extension of credit was denied.

11. Plaintiff's consumer report was used by defendant, and perhaps others, in the decision to deny plaintiff's application for credit.

12. Plaintiff repeatedly demanded the return of his security deposit.

13. Defendant failed and/or refused to promptly return the security deposit to plaintiff.

14. Plaintiff has suffered actual damages.

## Count 1 — Equal Credit Opportunity Act

15. Plaintiff incorporates the foregoing paragraphs by reference.

16. Plaintiff is an "applicant" as the term is defined in the ECOA, 15 U.S.C. § 1691a(b).

17. Defendant is a "creditor" as the term is defined in the ECOA, 15 U.S.C. § 1691a(e).

18. Plaintiff completed a credit application and applied to defendant for credit in connection with his intended purchase of a manufactured home from defendant.

19. Defendant denied plaintiff credit and/or revoked plaintiff's credit, which denial

and/or revocation constituted "adverse action" as the phrase is defined in the ECOA, 15 U.S.C. § 1691(d)(6).

20. Defendant failed to provide plaintiff with a notice of adverse action as required by the ECOA, 15 U.S.C. § 1691(d).

**Wherefore,** plaintiff seeks judgment against defendant for:

a) A declaratory judgment that defendant has violated the Equal Credit Opportunity Act, pursuant to 15 U.S.C. § 1691e(c);

b) Actual damages pursuant to 15 U.S.C. § 1691e(a);

c) Punitive damages pursuant to 15 U.S.C. § 1691e(b);

d) Costs of the action, together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1691e(d); and

e) Such further relief as the court deems appropriate.

### Count 2 — Fair Credit Reporting Act

21. Plaintiff incorporates the foregoing paragraphs by reference.

22. Plaintiff is a "consumer" as the term is defined in the FCRA, 15 U.S.C. § 1681a(c).

23. Defendant is a "person" as the term is defined in the FCRA, 15 U.S.C. § 1681a(b).

24. Defendant took "adverse action" as the phrase is defined in the FCRA, 15 U.S.C. § 1681a(k), with respect to plaintiff, based in whole or in part on information contained in a consumer report.

25. Defendant willfully failed to provide plaintiff with a notice of adverse action as

required by the FCRA, 15 U.S.C. § 1681m, thereby violating 15 U.S.C. § 1681n.

26.  In the alternative, defendant negligently failed to provide plaintiff with a notice of adverse action as required by the FCRA, 15 U.S.C. § 1681m, thereby violating 15 U.S.C. § 1681o.

**Wherefore**, plaintiff seeks judgment against defendant for:

- (a) A declaratory judgment that defendants have violated the Fair Credit Reporting Act;
- (b) Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and/or § 1681o(a)(1);
- (c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);
- (d) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);
- (e) Costs of the action, together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2); and
- (f) Such further relief as the court deems appropriate.

### Count 3 — Michigan Consumer Protection Act

27.  Plaintiff incorporates the foregoing paragraphs by reference.

28.  The transaction between the parties was an "act or practice in the conduct of trade or commerce" as the phrase is defined and used in the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.*

29.  Defendant violated the MCPA by using unlawful, unfair, unconscionable and deceptive methods, acts and practices in the conduct of trade and/or commerce. Specifically, defendant failed, in a consumer transaction which was rescinded, canceled, or otherwise terminated by the terms of the transaction, to promptly restore to plaintiff a security deposit, in

M.C.L. § 445.903(1)(u).

30. Plaintiff suffered loss as a result of defendant's violations of the MCPA.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) A declaratory judgment that defendant's practices violate the Michigan Consumer Protection Act;

b) Actual damages or $250.00, whichever is greater, pursuant to M.C.L. § 445.911(2);

c) Reasonable attorney's fees pursuant to M.C.L. § 445.911(2); and

d) Such further relief as the Court deems appropriate.

### Demand for Trial by Jury

Plaintiff hereby demands trial by jury.

Dated: January 26, 2004

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W.
Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176

### Verification

I hereby certify that the facts contained herein are true and correct to the best of my knowledge, information and belief.

Dated: January 26, 2004

Brian Hobbs